UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| ALMA HORNE | CIVIL ACTION NO. 3:14CV2383 |
| VERSUS | JUDGE ROBERT G. JAMES |
| J.C. PENNEY CORPORATION, ET AL | MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion for partial dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), [doc. # 6], filed by Defendants J.C. Penney Corporation, Liberty Life Assurance Company of Boston ("Liberty"), and J.C. Penney Corporation, Inc. Voluntary Employees' Beneficiary Association Life and Disability Benefits Plan. Plaintiff opposes the Motion. [doc. # 13]. For reasons stated below, it is recommended that the Motion be **GRANTED IN PART AND DENIED IN PART**.

**I. Background**

Defendant J.C. Penney Corporation, Inc. ("J.C. Penney") employed Plaintiff Alma Horne as a Sales Representative at its Monroe, Louisiana store from approximately 1984 to 2010. [doc. # 1, p. 4]. Plaintiff claims that, in April of 2010, she became totally disabled and unable to work. *Id.* As a result, she claimed long-term disability benefits under an Employee Retirement Income Security Act ("ERISA")[1] health and welfare benefit plan ("the Plan") that her employer maintained. *Id.* at 5. The Plan was insured, at least in part, by an insurance policy ("the Policy") issued by Defendant Liberty. *Id.* According to Plaintiff, Liberty was the *de facto* administrator of the Plan and her claims. *Id.*

Plaintiff alleges that she received benefits under the Plan due to her inability to work. *Id.*

---

[1] Defendants admit that Plaintiff's claims are governed by ERISA. [doc. # 5, p. 1].

at 6. However, she claims that in October of 2012, Liberty notified her that under the terms of the policy the definition of disability changed to require a showing of 'the employee's inability to perform the duties of his own or any occupation for which he has training, education or experience.'" *Id.* at 6. On January 18, 2013, Liberty informed her that no further benefits would be paid because she did not "meet the definition of disability from Any Occupation," as defined in the Policy. *Id.* at 7. On June 17, 2013, Plaintiff requested a review of Liberty's denial of benefits. *Id.* at 8. Liberty denied the appeal on July 26, 2013. *Id.*

Plaintiff filed the instant lawsuit on July 26, 2014. *Id.* She claims that Defendants violated the terms of the Plan when it terminated her long-term disability benefits. *Id.* at 10-15. As a result, she seeks to recover and reinstate her terminated disability benefits pursuant to 29 U.S.C. § 1132(a)(1)(B). *Id.*

She also claims that Liberty and J.C. Penney violated their fiduciary duties. *Id.* at 15. She alleges that Liberty acted arbitrarily and capriciously in denying benefits, that it failed to "discharge its duties with respect to [b]enefits claims prudently, for the exclusive benefit of Plan participants, and in accordance with the specific fiduciary obligations imposed therein," and that it "engaged in a pattern and practice of systematic efforts to delay and deny claims for disability benefits by unfair and arbitrary review tactics and procedures for its own financial gain." *Id.* at 15-16. As to J.C. Penney, she claims that it, as the Plan sponsor, violated its fiduciary duty by appointing Liberty as the Plan administrator and by failing to monitor Liberty's actions. *Id.* at 16. As a result, Plaintiff seeks an "equitable surcharge" under 29 U.S.C. § 1132(a)(3). *Id.*

Defendants filed the instant Motion to Dismiss on August 22, 2014. [doc. # 6]. They argue that Plaintiff's claim for breach of fiduciary duty is "insufficient to support the relief requested" because the alleged breaches are "not actionable under ERISA in light of Plaintiff's

claim for recovery of benefits." *Id.* at 2-3. They also argue that Plaintiff's corresponding request for an "equitable surcharge" should be dismissed because that particular relief is "not recoverable under any provision of ERISA." *Id.* at 2. Finally, they ask the Court to award the attorneys' fees and costs that they incurred in bringing this Motion. *Id.*

The matter is now before the Court.

**II. Motion to Dismiss Standard**

The Federal Rules of Civil Procedure sanction dismissal when the plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A pleading states a claim for relief when, *inter alia*, it contains a "short and plain statement . . . showing that the pleader is entitled to relief . . . ." FED. R. CIV. P. 8(a)(2). To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Plausibility does not equate to possibility or probability; it lies somewhere in between. *See Iqbal, supra*. Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *See Twombly*, 550 U.S. at 556.

In deciding whether the complaint states a valid claim for relief, a court accepts all well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007). However, the same presumption does not extend to legal conclusions. *Iqbal, supra*. A pleading comprised of "labels and

conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010).

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pleaded complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable, and that recovery is unlikely. *Twombly, supra*. Furthermore, "[t]he notice pleading requirements of Federal Rule of Civil Procedure 8 and case law do not require an inordinate amount of detail or precision." *Gilbert v. Outback Steakhouse of Florida Inc.*, 295 Fed. App'x. 710, 713 (5th Cir. 2008) (unpubl.) (citations and internal quotation marks omitted). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (quoting *Bell Atl.*, 127 S. Ct. at 1958). The complaint need not even "correctly specify the legal theory" giving rise to the claim for relief. *Gilbert, supra*. However, a court is compelled to dismiss an otherwise well-pleaded claim if it is premised upon an invalid legal theory. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

### III. Breach of Fiduciary Duty

The two claims at issue both fall under 29 U.S.C. § 1132(a), which provides in pertinent part:

> A civil action may be brought--
>
> (1) by a participant or beneficiary--

* * *

>  (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;

* * *

>  (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) *to obtain other appropriate equitable relief* . . . .

29 U.S.C. § 1132(a) (emphasis added). Plaintiff seeks to recover her terminated disability benefits under Section 1132(a)(1)(B). [doc. # 1, p. 10]. She brings her claim for breach of fiduciary duty and corresponding prayer for an "equitable surcharge" pursuant to Section 1132(a)(3).[2] *Id.* at 16. Defendants argue that Plaintiff cannot recover benefits under Section 1132(a)(1)(B) and simultaneously pursue a claim for breach of fiduciary duty under Section 1132(a)(3) because the two provisions are mutually exclusive. [doc. # 6-1, p. 3].

In *Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996), the Supreme Court held that Section 1132(a)(3) is simply a "catchall" provision that acts "as a safety net, offering appropriate equitable relief for injuries caused by violations that Section [1132] does not elsewhere adequately remedy." Interpreting *Varity*, the Fifth Circuit held that "an ERISA plaintiff may bring a private action for breach of fiduciary duty only when no other remedy is available under 29 U.S.C. § 1132." *Rhorer v. Raytheon Eng'rs and Constructors, Inc.*, 181 F.3d 634, 639 (5th Cir. 1999), abrogated on other grounds by *CIGNA Corp v. Amara*, 131 S. Ct. 1866 (2011).

---

[2] While Section 1132(a)(2) by its plain language appears to be the proper means for pursuing a breach of fiduciary duty claim, both the Supreme Court and the Fifth Circuit have held that a plan participant may not sue in her individual capacity for personal damages under that Section because the only remedy there is to the plan. *See Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 144 (1985); *Matassarin v. Lynch*, 174 F.3d 549, 566 (5th Cir. 1999).

Similarly, in *Firman v. Life Ins. Co. of N. Am.*, 684 F.3d 533, 546 (5th Cir. 2012), the Fifth Circuit held that an ERISA plaintiff could not maintain a claim for breach of fiduciary duty "in light of her clear request for recovery of benefits wrongfully denied . . . under 29 U.S.C. § 1132(a)(1)(B)."

Here, Plaintiff points to *Varity* and argues that Section 1132(a)(1)(B) does not "adequately remedy" Defendants' breach of fiduciary duty because that Section "relates only to denial of benefits." [doc. # 13, p. 9]. She explains that she seeks past due benefits and reinstatement of benefits as recompense for Defendants' improper denial of disability benefits. In contrast, she argues that she seeks an "equitable surcharge" for Defendants' breach of fiduciary duty. Thus, according to Plaintiff, as the latter form of relief is not available under Section 1132(a)(1)(B), that Section cannot adequately remedy her injuries.

Upon consideration, the Court finds that Plaintiff is forbidden from bringing the breach of fiduciary duty claim under Section 1132(a)(3) because the basis of the claim is simply the denial of benefits, and Plaintiff has a remedy available for that under Section 1132(a)(1)(B). To begin with, Plaintiff never explains why recovering only the relief available pursuant to Section 1132(a)(1)(B) (i.e. the reinstatement and recovery of Plan benefits) would inadequately redress her injuries without the addition of the "equitable surcharge." In fact, Plaintiff never explains what the "equitable surcharge" that she seeks actually is. Apparently, she draws this language from *Amara*, 131 S. Ct. at 1880, which held that a monetary award in the form of a "surcharge remedy" is among the remedies that "fall within the scope of the term 'appropriate equitable relief'" in Section 1132(a)(3).

That in mind, it appears that the "equitable surcharge" Plaintiff seeks is not any different from her prayer for reinstatement and recovery of Plan benefits. This is because the "equitable

6

surcharge" that the *Amara* Court recognized was simply an award of retirement plan benefits owed. *Amara*, 131 S. Ct. at 1880. Unlike the Plaintiff here, the plaintiffs in *Amara* did not seek a surcharge beyond the benefits they sought to recover; rather, they simply sought reinstatement of their retirement benefits. However, the plaintiffs could not proceed under Section 1132(a)(1)(B) to recover the benefits owed, so the Court awarded benefits under Section 1132(a)(3) in the form of an "equitable surcharge." *Id.* at 1876-78. Thus, the "equitable surcharge" was, in a sense, an alternative to awarding benefits under Section 1132(a)(1)(B). *Id.* at 1876-1880. Here, recovering the "equitable surcharge" in addition to the benefits owed would not aid Plaintiff's recovery because the two remedies, as pled, are indistinguishable.

Even assuming, *arguendo*, that Plaintiff does seek two distinct remedies, the Court nevertheless finds that the two underlying claims are, at bottom, one and the same. For instance, Plaintiff asks for "an equitable surcharge on such benefits for the losses sustained by her *because the benefits were withheld* . . . ." [doc. # 1, p. 2 (emphasis added)]. She also claims that Liberty violated its fiduciary duty by failing to prudently "discharge its duties *with respect to [b]enefits claims* . . . ." *Id.* at 15. She claims further that Liberty violated its duty by deciding "*to terminate [her] benefits*" and by engaging "in a pattern and practice of systematic efforts to delay and deny claims *for disability benefits* . . . ." *Id.* She similarly maintains that J.C. Penney violated its fiduciary duty by failing to monitor (and presumably prevent) Liberty's decision to deny benefits. *Id.*

While Plaintiff styles the two claims differently, they are substantively indistinct as both stem from the same underlying conduct: Defendants' alleged improper denial of disability benefits. The breach of fiduciary duty claim is, in other words, nothing more than a disguised or repackaged cause of action to recover Plan benefits. *See generally Tolson v. Avondale Indus.,*

7

*Inc.*, 141 F.3d 604, 610 (5th Cir. 1998) (holding that the plaintiff's "efforts to justify assertion of breach of a fiduciary duty claim against the Plans by distinguishing such a claim from his claims for coverage and benefits claims are woefully unavailing."); *McCall v. Burlington Northern/Santa Fe Co.*, 237 F.3d 506, 512 (5th Cir. 2000) ("When a [plan participant] wants what was supposed to have been distributed under a plan, the appropriate remedy is a claim for denial of benefits under § [1132](a)(1)(B) of ERISA rather than a fiduciary duty claim brought pursuant to § [1132](a)(3)."); *Rusch v. United Health Grp. Inc.*, 2013 WL 3753947, at *11 (S.D. Tex. July 15, 2013) (concluding that "where a breach of fiduciary duty claim is based solely on an alleged denial of benefits . . . the claim is duplicative of a denial of benefits claim.").[3]

Consequently, Section 1132(a)(1)(B) is Plaintiff's exclusive avenue for redress. Plaintiff's duplicative claim for breach of fiduciary duty and associated request for an "equitable surcharge" are not sustainable and should be **DISMISSED**.

**IV. Attorneys' Fees and Costs**

Defendants make a conclusory request for attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), which provides that "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). "[A] fees claimant must show some degree of success on the merits before a court may award attorney's fees under § 1132(g)(1)." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 255 (2010) (internal quotation marks and citation omitted). In deciding whether to award fees, courts *may* consider the following five

---

[3] Plaintiff maintains that *Gearlds v. Entergy Servs., Inc.*, 709 F.3d 448 (5th Cir. 2013), held that plaintiffs are entitled to simultaneously pursue a claim under Sections 1132(a)(1)(B) and (a)(3). [doc. # 13, p. 10]. However, the plaintiff there did not assert a claim under Section 1132(a)(1)(B).

"*Bowen*" factors:[4]

    1.    The degree of the opposing parties' culpability or bad faith;

    2.    The ability of the opposing parties to satisfy an award of attorneys' fees;

    3.    Whether an award of attorneys' fees against the opposing party would deter other persons acting under similar circumstances;

    4.    Whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and

    5.    The relative merits of the parties' position.

*Todd v. AIG Life Ins. Co.*, 47 F.3d 1448, 1458 (5th Cir. 1995) (citing *Iron Workers Local No. 272 v. Bowen*, 624 F.2d 1255, 1266 (5th Cir. 1980)).

Here, Defendants are not entitled to an award of attorneys' fees and costs. While an award would certainly deter other persons from bringing a claim for breach of fiduciary duty under similar circumstances, the Court need not set such an example at this point as the Court is not persuaded that Plaintiff's claim was frivolous or made in bad faith. In addition, Defendants did not ask the Court to decide any significant legal questions and they fail to present any evidence of Plaintiff's ability to satisfy the requested award.

## Conclusion

For the reasons set forth above, **IT IS RECOMMENDED** that Defendants' Motion, [doc. # 6], be **GRANTED IN PART** and that Plaintiff's claim for breach of fiduciary duty and associated prayer for an "equitable surcharge" be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that Defendants' Motion, [doc. # 6], be otherwise

---

[4] *See LifeCare Mgmt. Servs. LLC v. Insurance Mgmt. Adm'rs Inc.*, 703 F.3d 835, 847 (5th Cir. 2013) (characterizing the factors as discretionary).

**DENIED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.C.P. Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, Monroe, Louisiana, this 16th day of October, 2014.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE